## Estate of John D. Long v. George P. Jones.

69   615
74   303

1. PROMISSORY NOTES—*Illegality of Consideration as a Defense—The General Rule Stated*—The general rule is that illegality of consideration, even though such consideration grows out of an act prohibited by statute, can not be set up against the *bona fide* assignee of a note unless the statute expressly, or by necessary implication, declares the note to be void.

2. SAME—*To Secure Money Loaned for Illegal Purposes, are Collectible by an Innocent Purchaser.*—A note given to secure the payment of money knowingly loaned to the maker of the note to enable him to bet and wager the same on a horse race is valid and collectible when in the hands of an innocent purchaser.

Claim in Probate.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding, Heard in this court at the March term, 1897. Affirmed. Opinion filed March 29, 1897.

FRANCIS T. MURPHY and EDWARD H. MORRIS, attorneys for appellant.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an appeal from the judgment of the Circuit Court, on appeal there from the allowance by the Probate Court,

of the claim of the appellee against the estate as above named.

The question to be decided is stated in the brief of the appellant to be: "Is a note in the hands of an innocent purchaser, which was given to secure the payment of money knowingly loaned to the maker of the note to enable him to bet and wager the same on horse races, void?"

Pope v. Hanke, 157 Ill. 617, is pressed upon us by the appellant as decisive, but it is there admitted that "the general rule is that illegality of consideration, even though such consideration grows out of an act prohibited by statute, can not be set up against the *bona fide* assignee of a note, unless the statute expressly, or by necessary implication declares the note to be void;" and many text writers are cited as authority.

Now the act of loaning money with which to gamble is not prohibited by any statute. On principles of public policy courts will give the lender no aid, and that is the whole extent of discouragement to him.

There is no principle of public policy which would justify the punishment of the innocent for offenses of the guilty, and there is a very important principle of public policy involved in the question whether mercantile transactions shall be embarrassed by obstructing the circulation of negotiable instruments.

The case comes under the general rule quoted from Pope v. Hanke, *supra*, and the judgment is affirmed.