## H. B. Hopmeyer and H. S. Barton v. William Frederick.

1. PROMISSORY NOTES—*Founded on Illegal Contracts—Innocent Purchasers.*—Where a statute has declared that the illegality of a contract shall make the note founded upon it void, such note will be void in the hands of an innocent purchaser for value before maturity, but unless so expressly declared by statute, mere illegality of consideration will be no defense to a note in a suit brought by a *bona fide* holder to whom it has been assigned for value before maturity.

2. SAME—*For Fines Imposed, etc.*—A plea to a declaration on a promissory note, averring that the payee therein named and who was the assignor thereof, was at the time of the making of the same the state's attorney of Peoria county, that the maker of said note was indicted and fined for selling intoxicating liquors contrary to law, and ordered to stand committed until the said fine and costs were paid, and that the said fine and costs were the only consideration for which the said note was given and was illegal, etc., is insufficient.

Debt, on a promissory note. Appeal from the County Court of Peoria County; the Hon. R. H. LOVETT, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

### STATEMENT OF THE CASE.

Appellee sued appellants upon a promissory note of which they were makers and he was indorsee. The plaintiff's pleadings were an amended first count in which he declared upon the note as indorsee for value before maturity, and the common counts. Defendants pleaded the general issue, with an affidavit denying the assignment, and an amended

special plea. Demurrer was sustained to said amended special plea and defendants elected to stand thereby. The parties waived a jury and there was a trial under the general issue. The execution of the assignment was proved, and that plaintiff became assignee of said note before maturity for value. Plaintiff had judgment, and defendants appeal.

The amended special plea averred that plaintiff's sole cause of action was the note in said amended first count of his declaration described; that Richard J. Cooney, to whose order it was payable, and who was the assignor thereof, was at the time of the making of said note state's attorney of Peoria county; that defendant Hopmeyer was indicted and fined for selling intoxicating liquors in said county without a license, in violation of the statute, and an order was made that he stand committed till fine and costs were paid; that said fine and costs were the only consideration for which said note was given, and that said consideration was illegal and said note is null and void.

F. W. VOIGT, attorney for appellants.

Contracts made to defeat a statute, or to obstruct justice or defeat the letter and spirit of the law, or in violation of duty, are illegal and void, and can not be enforced. I refer respectfully to 2 Kent's Commentaries (12th Ed.), Vol. 2, 466, 467, 468 and notes; 1 Story's Equity Jurisprudence (9th Ed.), Sec. 294; 9 Am. and Eng. Ency. 909 and notes; Parsons on Notes and Bills, Vol. 1 (2d Ed.), 215.

The appellee, being the holder of the note by virtue of an assignment, claims the right to recover.

Notes that are made void by express statute can not become good in the hands of subsequent holder. 1 Parsons on Notes and Bills (2d Ed.), 216, 217 and 218.

JOHN DAILEY, attorney for appellee.

The general rule is, that illegality of consideration, even though such consideration grows out of an act prohibited by statute (mark the language), can not be set up against the

*bona fide* assignee of a note, unless the statute expressly or by necessary implication declares the note to be void. Pope v. Hanke, 155 Ill. 625; 1 Daniel on Neg. Inst., Secs. 197, 808; 3 Kent's Com. Marg. 79; Story on Prom. Notes, Sec. 192; 1 Parsons on Notes and Bills, p. 218; Tiedeman on Com. Paper, Secs. 178, 280; 2 Rand on Com. Paper, Sec. 517.

There is no principle of public policy which would justify the punishment of the innocent for the offenses of the guilty, and there is a very important principle of public policy involved in the question whether mercantile transactions should be embarrassed by obstructing the circulation of negotiable instruments. Estate of Long v. Jones, 69 Ill. App. 615.

But unless it has been so expressly declared by the legislature, illegality of consideration will be no defense in an action upon negotiable paper by a *bona fide* holder without notice, unless he obtained the note or bill after its maturity. Town of Eagle v. Kohn, 84 Ill. 292.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

The only question is whether said amended special plea presented a defense to the action. The plea did not deny that plaintiff was an indorsee of said note for value before maturity, and did not allege any notice to plaintiff of the nature of the consideration for which it was given. The rule governing this case is that where a statute has declared that the illegality of the contract shall make the note void, the note will be void in the hands of an innocent purchaser for value before maturity; but that unless so expressly declared by statute, mere illegality of consideration will be no defense to the note in a suit brought by a *bona fide* holder thereof to whom it was assigned for value before maturity. Conkling v. Underhill, 3 Scam. 388; Town of Eagle v. Kohn, 84 Ill. 292; Pope v. Hanke, 155 Ill. 617; Estate of Long v. Jones, 69 Ill. App. 615. Our attention has not been called to any statute which makes void a note given for the consideration in said plea alleged. Whether therefore said consideration was illegal or not (which we do not decide) the plea was insufficient. The judgment will be affirmed.